FILED
2006 Nov-30 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **MARVIN WHITE,** | ) |
| Plaintiff, | ) |
| vs. | ) CV 06-B-1225-NE |
| **CHARLES E. WHITE, JR.,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 4.) Plaintiff Marvin White has sued defendant Charles E. White, Jr., alleging fraud and seeking an accounting. Defendant asks the court to dismiss plaintiff's Complaint on the ground that the court lacks subject-matter jurisdiction. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 4), is due to be denied.

### I. MOTION TO DISMISS STANDARD

Under Fed. R. Civ. P. 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990);

*Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982).  "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)(quoting *Lawrence*, 919 F.2d at 1528-29).  Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made."  *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"  *Cook Oil Co., Inc. v. United States*, 919 F. Supp. 1556, 1559 (M.D. Ala. 1996)(quoting *Lawrence*, 919 F.2d at 1529).

Defendant's challenge to the court's subject-matter jurisdiction is a factual challenge.  Both parties have submitted evidence; neither party has requested an evidentiary hearing.  Therefore, the court will decide defendant's Motion to Dismiss on the basis of the affidavits and other documents submitted by the parties.  *See Sunseri v. Marco Cellular Partners*, 412 F.3d 1247, 1251 (11th Cir. 2005).

## II.  DISCUSSION

In his Complaint, plaintiff alleges that he is a citizen of California and that defendant is a citizen of Alabama. (Doc. 1 ¶¶ 1 and 2.)  Therefore, he contends that this court diversity jurisdiction.  The requirements of diversity jurisdiction under 28 U.S.C. §1332(a)(1) are,

first, complete diversity of state or foreign citizenship between plaintiff and defendant, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), and, second, satisfaction of the present statutory amount in controversy requirement of over "$75,000.00, exclusive of interest and costs," 28 U.S.C. 28 U.S.C. §1332(a)(1). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005)(quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)))(internal citations omitted).

Defendant contends that plaintiff is a resident of Madison County, Alabama. (Doc. 4 ¶¶ 2-3.) In support of his Motion to Dismiss, defendant has submitted the Affidavit of Janet Hampton, defendant's sister and plaintiff's cousin. (Doc. 4, Ex. A ¶ 2.) Hampton avers that plaintiff resides in an apartment in Madison County, Alabama. (*Id.* ¶¶ 4-7.) To prove that he is a resident of California, plaintiff has submitted the Affidavit of his fiancée, who has testified that plaintiff resides with her in California and that he will continue to reside with her after they are married, and copies of his California driver's license, his California voter's registration, and his California vehicle registration. (Doc. 5, Exs. A-D.)

The court finds that plaintiff has submitted sufficient evidence to establish that he is a resident of California. *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002); *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226-27 (M.D. Ala.

2003).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion to Dismiss is due to be denied. An Order denying defendant's Motion to Dismiss, (doc. 4), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 29th day of November, 2006.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE